**WANG, GAO & ASSOCIATES, P.C.**
Heng Wang, Esq. (HW 0786)
36 Bridge Street
Metuchen, NJ 08840
Tel:    (732) 767-3020
Fax:    (732) 343-6880
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Fei Wu, Jie Chen<br><br>Plaintiffs,<br><br>v.<br><br>The Dolar Shop Restaurant Group LLC d/b/a The Dolar Shop Hot Pot, Dolar Shop USA, LLC d/b/a The Dolar Shop Hot Pot, Tzu Yen Cheung a/k/a Tzu Y. Cheung a/k/a Tzu Cheung a/k/a Ken Y. Cheung a/k/a Ken Cheung, Yu Zhang a/k/a Suzie Zhang, Lili Shen, John Doe 1-5, Company ABC 1-5<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.:**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Fei Wu and Jie Chen, by and through their undersigned counsel, by way of Complaint against Defendants The Dolar Shop Restaurant Group LLC d/b/a The Dolar Shop Hot Pot, Dolar Shop USA, LLC d/b/a The Dolar Shop Hot Pot, Tzu Yen Cheung a/k/a Tzu Y. Cheung a/k/a Tzu Cheung a/k/a Ken Y. Cheung a/k/a Ken Cheung, Yu Zhang a/k/a Suzie Zhang, Lili Shen, John Doe 1-5, Company ABC 1-5, state as follows:

## **INTRODUCTION**

- 1 -

1. Plaintiffs herein bring this lawsuit because they are entitled to unpaid wages pursuant to the Fair Labor Standards Act (hereinafter, "FLSA") and the New Jersey Wage and Hour Laws (hereinafter, "NJWHL").

2. Among other things, Defendants failed to pay minimum wage, overtime compensation, and illegally withheld wages already earned by Plaintiffs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. 1391 because Plaintiffs were employed by Defendants in this district, and thus all transgressions occurred in this district.

## PARTIES

6. Plaintiffs are individuals who reside in the State of New Jersey.

7. Defendant The Dolar Shop Restaurant Group LLC d/b/a The Dolar Shop Hot Pot is a limited liability company that operates a restaurant business at 2066 Lincoln Hwy, Edison, NJ 08817. It also operates multiple restaurants in New York City.

8. Dolar Shop USA, LLC d/b/a The Dolar Shop Hot Pot is a limited liability company that operates a restaurant business at 2066 Lincoln Hwy, Edison, NJ 08817. It also operates multiple restaurants in New York City.

9. Defendant Tzu Yen Cheung a/k/a Tzu Y. Cheung a/k/a Tzu Cheung a/k/a Ken Y. Cheung a/k/a Ken Cheung (hereinafter, "Cheung") is an owner and the President of the restaurant.

10. Defendant Yu Zhang a/k/a Suzie Zhang (hereinafter, "Zhang") is an owner and the CEO of the restaurant.

11. Defendant Lili Shen (hereinafter, "Shen") is an owner and the CFO of the restaurant. Defendant Lili Shen resides at 135 W 52nd Street, New York, NY 10019.

12. Cheng and Zhang were primarily responsible for the management of the restaurant from its opening till the end of June, 2019; thereafter, Shen became primarily responsible for the management.

13. All individual defendants are involved in the management of the restaurant. They each supervised the workers in general during Plaintiffs' employment, and were responsible for, among other things, overlooking employees' work schedules, compensation, and the restaurant's pay and recordkeeping practices.

14. All individual defendants should be held personally liable for Defendants' labor law violations.

15. All individual defendants have significant assets, including without limitation real estate and business interest in multiple entities.

16. John Doe 1-5 are individuals associated with Defendants who should also be held liable.

17. Company ABC 1-5 are entities associated with Defendants which should also be held liable.

**FACTUAL ALLEGATIONS**

18. Plaintiff Fei Wu started to work for Defendants in October 2018. At the beginning, Wu worked as a server. He worked more than 12 hours/day, 7 days/week.

19. Despite the long hours he worked, Defendants failed to pay him minimum wage and overtime compensation.

20. Plaintiff Wu was later promoted to become a manager. Defendants promised to pay him a salary $5,000 per month, including tip sharing.

21. However, Defendants failed to pay him on a salary basis. In fact, Defendants failed to pay him anything for a substantial period of time.

22. Plaintiff Jie Chen worked at the restaurant kitchen. Since July 8, 2019, Defendants promised to pay him a salary of $4,000 per month.

23. However, Defendants also failed to pay him on a salary basis. In fact, Defendants failed to pay him anything for a substantial period of time.

24. Plaintiffs worked for Defendants until about December 15, 2019.

## COUNT I
## Overtime Wages Under the FLSA

25. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

26. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of 40 hours per week to which Plaintiffs were entitled under 29 U.S.C. 206(a), in violation of 29 U.S.C. 207(a)(1).

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C 255(a).

28. Defendants have no made a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs.

29. Plaintiffs are entitled to recover from Defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of

the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. 216(b), all in an amount to be determined at trial.

## COUNT II
**Overtime Wages Under the NJWHL**

30. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

31. Under the New Jersey Wage and Hour Law, a plaintiff is entitled to receive 1.5 times the plaintiff's regular rate for each hour worked above 40 in a giving week. N.J.S.A. 34.11-56a4 and N.J.A.C. 12:56-6.1.

32. Defendants' failure to pay overtime compensation violated N.J.S.A. 34:11-56a4.

33. As a result, Plaintiffs suffered damages.

## COUNT III
**Minimum Wage Under the FLSA**

34. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

35. Defendants failed to pay Plaintiffs minimum wages, in violation of the FLSA.

36. As a result, Plaintiffs suffered damages.

## COUNT IV
**Minimum Wage Under the NJWHL**

37. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

38. Defendants failed to pay Plaintiffs minimum wages, in violation of the NJWHL.

39. As a result, Plaintiffs suffered damages.

## COUNT V
**Unpaid Wages Under the FLSA**

- 5 -

40. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

41. For a substantial period of time, Defendants failed to pay Plaintiffs any compensation for hours worked.

42. Defendants willfully failed to pay Plaintiffs wages for hours worked in violation of 29 U.S.C. 206(a).

43. As a result, Plaintiffs suffered damages.

## COUNT VI
### Unpaid Wages Under the NJWHL

44. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

45. For a substantial period of time, Defendants failed to pay Plaintiff any compensation for hours worked.

46. Defendants willfully failed to pay Plaintiffs wages for hours worked in violation of the NJWHL.

47. As a result, Plaintiffs suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NJWHL;

2. Injunction enjoining Defendants from further unlawful labor law practices;

3. Compensatory damages;

4. Liquidated damages;

5. Prejudgment interest;

6. Post-judgment interest;

7. Attorney's fees and costs;

8. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: December 22, 2019

/s/ Heng Wang_____
By: Heng Wang (HW0786)
Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
Tel: 732-767-3020
heng.wang@wanggaolaw.com

Attorneys for Plaintiffs